## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STEVEN H. HALL,
      Appellant,

      v.

DEPARTMENT OF HOMELAND
  SECURITY,
      Agency.

DOCKET NUMBER
DC-0752-15-1063-I-1

DATE: June 23, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Steven H. Hall</u>, Chesapeake Beach, Maryland, pro se.

<u>Letitia Byers</u> and <u>Mary K. Monahan</u>, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed this indefinite suspension appeal based on the doctrine of res judicata. For the reasons set forth below, we VACATE the initial decision and DISMISS the appeal as settled.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**ANALYSIS**

¶2     This appeal concerns an indefinite suspension beginning in May 2013. Initial Appeal File (IAF) Tab 1, Tab 7 at 39-40. The appellant previously contested this same indefinite suspension through a prior appeal that was dismissed with prejudice after the appellant requested to withdraw it to pursue the matter through the equal employment opportunity complaint process. *Hall v. Department of Homeland Security*, MSPB Docket No. DC-0752-13-0723-I-1, Initial Decision (July 16, 2013). The administrative judge found that the doctrine of res judicata barred the appellant from litigating his indefinite suspension in this second appeal. IAF, Tab 16, Initial Decision. After the initial decision was issued, the parties entered into a settlement agreement. Petition for Review (PFR) File, Tab 3 at 17‑21.

¶3     The appellant has filed a petition for review disputing the merits of the underlying indefinite suspension and arguing, among other things, that his medication caused him to err in withdrawing his previous appeal. PFR File, Tab 1. The agency has opposed the petition for review, arguing that the administrative judge appropriately dismissed the appeal under the doctrine of res judicata and, in the alternative, that the appeal should be dismissed pursuant to the terms of the settlement agreement. PFR File, Tab 3 at 10-11.

¶4     The Board can review a settlement agreement entered into the record by the parties to determine its effect on a personnel action before it and any waiver of appeal rights. *Swidecki v. U.S. Postal Service*, [101 M.S.P.R. 110](#), ¶ 7 (2006). The settlement agreement expressly refers to this appeal and states, in relevant part, that the appellant will withdraw and waive any and all Board appeals. PFR File, Tab 3 at 17. The parties expressed their intent to have the settlement agreement entered into the record for enforcement by the Board. *Id.* at 21.

¶5     We find that the appellant knowingly and voluntarily signed the settlement agreement, waived further appeal rights concerning the issues raised in this appeal, and the waiver is enforceable. *See Hall v. Department of Homeland*

*Security*, MSPB Docket No. DC-0752-14-0243-I-1, Final Order (June 23, 2016). We further find that the settlement agreement is lawful on its face, that it has been freely entered into by the parties, and that the subject matter of the appeal—an indefinite suspension of a Federal employee lasting more than 14 days—is within the Board's jurisdiction. *See Gonzalez v. Department of Homeland Security*, 114 M.S.P.R. 318, ¶¶ 11-12 (2010); *Stewart v. U.S. Postal Service*, 73 M.S.P.R. 104, 107 (1997). Accordingly, we dismiss this appeal as settled and the settlement agreement is entered into the record for enforcement by the Board. Because the appeal is settled, we need not reach the other issues raised by the appellant in his petition for review. *Swidecki*, 101 M.S.P.R. 110, ¶ 26.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS[2]

You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

---

[2] The administrative judge did not provide the appellant with notice of his mixed-case rights to appeal from the initial decision on his discrimination claims to the Equal Employment Opportunity Commission and/or the appropriate U.S. district court. This was error, but it does not constitute reversible error because we notify the appellant of his mixed‑case appeal rights in this Final Order. *See Grimes v. U.S. Postal Service*, 39 M.S.P.R. 183, 186-87 (1988).

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.